**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| AMITY DIGITAL LLC,<br><br>    Plaintiff,<br><br>- vs -<br><br>HELIX DIGITAL INC. and JAMES WALTZ,<br><br>    Defendants. | Civil No. 23-11044 (VSB) |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS AND TO VACATE DEFAULT JUDGMENT**

Mark A. Berman, Esq.
**HARTMANN DOHERTY ROSA
BERMAN & BULBULIA LLP**
1270 Avenue of the Americas, Suite 816
New York, New York 10022
t: 212-344-4619
e: mberman@hdrbb.com

*Attorneys for Defendants
Helix Digital Inc. and James Waltz*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................................ii

PRELIMINARY STATEMENT .........................................................................................1

ARGUMENT ....................................................................................................................1

     I.     THE COURT SHOULD VACATE THE DEFAULT JUDGMENT AGAINST DEFENDANT HELIX AND DISMISS THE COMPLAINT AGAINST BOTH DEFENDANTS FOR LACK OF SUBJECT MATTER JURISDICTION. ...........................................................................1

     II.    THE COURT SHOULD DISMISS PLAINTIFF'S RICO CLAIM FOR FAILURE TO STATE CLAIM AS A MATTER OF LAW. ...................................................................................6

CONCLUSION ................................................................................................................12

# TABLE OF AUTHORITIES

## CASES

*Anatian v. Coutts Bank Ltd.*, 193 F.3d 85 (2d Cir. 1999) ........................................5

*Brzak v. United Nations*, 597 F.3d 107 (2d Cir. 2010) ............................................4

*Cave v. East Meadow Union Free School Dist.*, 514 F.3d 240 (2d Cir. 2008) .........4

*City of New York v. Exxon Corp.*, 697 F. Supp. 677 (S.D.N.Y. 1988) ....................2

*Cofacredit, S.A. v. Windsor Plumbing Supply Co., Inc.*, 187 F.3d 229 (2d Cir.1999) .........................................................................................................5

*Corniel v. Titech & Tomra NY Recycling, LLC*, No. CV 17-2551 (RRM) (AKT), 2020 WL 1480448 (E.D.N.Y. Mar. 6, 2020) .........................................4

*Cosmas v. Hassett*, 886 F.2d 8 (2d Cir. 1989) .........................................................6

*Empire Merchants, LLC v. Reliable Churchill LLP*, 902 F.3d 132 (2d Cir. 2018) .........................................................................................................8

*Energium Health v. Gabali*, No. 3:21-CV-2951-S, 2023 WL6392631 (N.D. Tex. Sep. 29, 2023) .......................................................................................7

*Enron Oil Corp. v. Diakuhara*, 10 F.3d 90 (2d Cir. 1993) ......................................3

*Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005) ........................2

*H.J. Inc. v. Northwestern Bell*, 492 U.S. 229 (1989) ...............................................5

*Handelsman v. Bedford Vill. Assocs. L.P.*, 213 F.3d 48 (2d Cir. 2000) ...................2

*Holmes v. Securities Investor Protection Corp.*, 503 U.S. 258 (1992) .....................8

*In re Sumitomo Copper Litigation*, 995 F. Supp. 451 (S.D.N.Y. 1998) ...................6

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994) ...........................2

*Mackason v. Diamond Fin. LLC*, 347 F. Supp. 2d 53 (S.D.N.Y. 2004) ...................2

*Makarova v. United States*, 201 F.3d 110 (2d Cir. 2000) ........................................2

*Martin Hilti Family Trust v. Knoedler Gallery, LLC*, 137 F. Supp. 3d 430 (S.D.N.Y. 2015) ........................................................................................8

*McLaughlin v. Anderson*, 962 F.2d 187 (2d Cir. 1992) ............................................6

*Moore v. PaineWebber, Inc.*, 189 F.3d 165 (2d Cir. 1999)......................................5

*Morin v. Trupin*, 778 F. Supp. 711 (S.D.N.Y. 1991) ...............................................6

*Neder v. United States*, 527 U.S. 1 (1999) .........................................................6, 7

*Peterson v. Syracuse Police Dep't*, 467 Fed. Appx. 31 (2d Cir. 2012)....................3

*Rosenson v. Mordowitz*, 2012 WL 3631308 (S.D.N.Y. Aug. 23, 2012)...................5

*S.Q.K.F.C., Inc. v. Bell Atlantic TriCon Leasing Corp.*, 84 F.3d 629 (2d Cir.1996)......................................................................................................6

*San Leandro Emergency Med. Group Profit Sharing Plan v. Philip Morris Cos.*, 75 F.3d 801 (2d Cir. 1996) ...........................................................6

*Schmidt v. Fleet Bank*, Civil No. 96-5030, 1998 WL 47827 (S.D.N.Y. Feb. 4, 1998) ...............................................................................................6

*Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479 (1985) ..............................................5

*Sheffield Commercial Corp. v. Clemente*, 792 F.2d 282 (2d Cir. 1986) ..................7

*Toohey v. Portfolio Recovery Associates, LLC*, No. 15 Civ. 8098, 2016 WL 4473016 (S.D.N.Y. Aug. 22, 2016) ......................................................8

*Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105 (2d Cir. 1997)................................................................................2

*Trautz v. Weisman*, 809 F. Supp. 239 (S.D.N.Y. 1992) ..........................................6

*U.S. Liab. Ins. Co. v. M Remodeling Corp.*, 444 F. Supp. 3d 408 (E.D.N.Y. 2020) ...............................................................................................3

*United States Fire Insurance Co. v. United Limousine Service, Inc.*, 303 F. Supp. 2d 432 (S.D.N.Y. 2004)...............................................................5

*United States v. Forma*, 42 F.3d 759 (2d Cir. 1994).............................................2

*Wynston Hill Cap., LLC v. Crane*, 620 F. Supp. 3d 540 (S.D.N.Y. 2022) ...............2

## <u>STATUTES & RULES</u>

28 U.S.C. § 1332 ...................................................................................................1

28 U.S.C. § 1367 ...................................................................................................4

8 Del. Code § 321 .................................................................................................4

Fed. R. Civ. P. 12 ..............................................................................................1, 2

Fed. R. Civ. P. 55 ..............................................................................................1, 3

Fed. R. Civ. P. 60 ..............................................................................................1, 3

Fed. R. Civ. P. 9 ...............................................................................................6, 8

<u>**PRELIMINARY STATEMENT**</u>

Plaintiff Amity Digital LLC ("Amity Digital") has filed a RICO claim against Defendant James Waltz, and state-law claims against Waltz and defaulted Defendant Helix Digital, Inc. ("Helix"), in furtherance of Plaintiff's efforts to collect an account receivable owed to it by Helix. This Court should reject Plaintiff's effort to transform what is properly a state-law collection lawsuit into a federal RICO action. First, Plaintiff has failed to sufficiently plead subject matter jurisdiction. Second, Plaintiff has failed to sufficiently plead a RICO claim, including failing to allege the underlying fraud with specificity, a pattern of racketeering, or proximate causation. Therefore, as discussed below, the Court should vacate the default judgment entered against Defendant Helix under Federal Rule of Civil Procedure 55(c) and/or 60(b), dismiss the Complaint under Rule 12(b)(1), for lack of subject matter jurisdiction, and/or dismiss the RICO cause of action under Rule 12(b)(6), for failure to state a claim.

<u>**ARGUMENT**</u>

**I. THE COURT SHOULD VACATE THE DEFAULT JUDGMENT AGAINST DEFENDANT HELIX AND DISMISS THE COMPLAINT AGAINST BOTH DEFENDANTS FOR LACK OF SUBJECT MATTER JURISDICTION.**

Plaintiff alleges that this Court has jurisdiction over its state-law claims under 28 U.S.C. § 1332(d), based upon diversity of citizenship. *See* Compl. ¶ 7. Defaulted Defendant Helix is not named as a RICO defendant and there is no other basis of

subject matter jurisdiction alleged against it other than diversity jurisdiction. Plaintiff, however, has failed to sufficiently allege the citizenship of Amity Digital, which is a limited liability company.  Therefore, the Court must vacate the default judgment entered against Helix and dismiss the Complaint against both Defendants, for lack of subject matter jurisdiction.

"The district courts of the United States ... are 'courts of limited jurisdiction. They possess only that power authorized by Constitution and statute.'" *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005) (*quoting Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). A federal court has an independent duty to ensure that it has subject matter jurisdiction. *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 107-08 (2d Cir. 1997).  "[W]here [jurisdiction] does not ... exist, neither the litigants nor the court itself can confer it." *City of New York v. Exxon Corp.*, 697 F. Supp. 677, 687 (S.D.N.Y. 1988). Therefore, subject matter jurisdiction must be considered at any stage of a litigation, even after a defendant has been determined to be in default. *Id.*; *see also United States v. Forma*, 42 F.3d 759, 762 (2d Cir. 1994) (vacating default

judgment because court lacked subject matter jurisdiction and default judgment, therefore, was void).

Although in deciding a motion for default judgment the court "deems all the well-pleaded allegations in the pleadings to be admitted," *Transatlantic*, 109 F.3d at 108, Plaintiff here sought (and obtained) a default judgment without first properly pleading subject matter jurisdiction. For purposes of diversity jurisdiction, a limited liability company is deemed to be a citizen of each state of which its members are citizens. *Handelsman v. Bedford Vill. Assocs. L.P.*, 213 F.3d 48, 51-52 (2d Cir. 2000). Thus, the place of incorporation and principal place of business of a limited liability company is not relevant to determining citizenship for diversity jurisdiction. *Mackason v. Diamond Fin. LLC*, 347 F. Supp. 2d 53, 55 (S.D.N.Y. 2004). Rather, "[i]n pleading an LLC's citizenship, the identity and citizenship of each member has to be specifically alleged." *Wynston Hill Cap., LLC v. Crane*, 620 F. Supp. 3d 540, 545 (S.D.N.Y. 2022) (internal citation omitted). That means that, "if any of an LLC's members are themselves noncorporate entities, then a plaintiff must allege the identity and citizenship of their members, proceeding up the chain of ownership until it has alleged the identity and citizenship of every individual and corporation with a direct or indirect interest in the LLC." *U.S. Liab. Ins. Co. v. M Remodeling Corp.*, 444 F. Supp. 3d 408, 410 (E.D.N.Y. 2020).

Here, the Complaint alleges only that Amity Digital is a New York limited liability company. Plaintiff has failed to allege the citizenship of each of Amity Digital's members. Therefore, the Complaint fails to allege a sufficient basis for this Court to exercise diversity jurisdiction. Moreover, because (as discussed below) the Complaint fails to sufficiently plead a RICO violation, there is no basis for federal question jurisdiction. Accordingly, the Court should dismiss the Complaint for lack of subject matter jurisdiction.

In addition to the default judgment's being void because Plaintiff did not adequately plead subject matter jurisdiction, *see* Rule 60(b)(4) (permitting a court to set aside a void judgment), Rule 55(c) provides that "[t]he court may set aside an entry of default for good cause ...." The Second Circuit has instructed district courts "to consider three criteria in deciding a Rule 55(c) motion: (1) whether the default was willful; (2) whether setting aside the default would prejudice the party for whom default was awarded; and (3) whether the moving party has presented a meritorious defense." *Peterson v. Syracuse Police Dep't*, 467 Fed. Appx. 31, 33 (2d Cir. 2012) (*citing Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993)). There is a strong "preference for resolving disputes on the merits." *Enron Oil Corp.*, 10 F.3d at 95 (citation omitted). And "because defaults are generally disfavored and are reserved for rare occasions, when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party."

*Id.* at 96. In cases where "substantial rights are implicated" or "when substantial sums of money are demanded," default judgments "are particularly disfavored by the law." *Id.* at 97 (internal citations omitted).

Here, Plaintiff is demanding a substantial sum of money from Helix. Helix's default was not willful but, rather, based upon Mr. Waltz's mistaken belief that a Delaware corporation could only be served through its registered agent in Delaware, *see* Waltz Decl. ¶ 6; *see also* 8 Del. Code § 321(a) ("Service of legal process upon any corporation of this State shall be made by delivering a copy personally to any officer or director of the corporation in this State, or the registered agent of the corporation in this State, or by leaving it at the dwelling house or usual place of abode in this State of any officer, director or registered agent (if the registered agent be an individual), or at the registered office or other place of business of the corporation in this State...."), and Plaintiff has not engaged in any discovery; therefore, it will not be prejudiced by a vacating of the default judgment. *See Corniel v. Titech & Tomra NY Recycling, LLC*, No. CV 17-2551 (RRM) (AKT), 2020 WL 1480448 (E.D.N.Y. Mar. 6, 2020) (recommending on motion to vacate default judgment that district court dismiss action for lack of subject matter jurisdiction because plaintiff had failed to plead the citizenship of LLC members and, hence, "has failed to adequately plead subject matter jurisdiction").

This case should be adjudicated on its merits and not by way of default judgment. Accordingly, the Court should vacate the default judgment entered against Helix and dismiss the Complaint against both Defendants for lack of sufficiently pled diversity jurisdiction. And, because the Court lacks subject matter jurisdiction, there is no basis upon which to exercise supplemental jurisdiction over Plaintiff's state law claims against Helix (or Waltz). *See* 28 U.S.C. § 1367(c); *Brzak v. United Nations*, 597 F.3d 107, 113-114 (2d Cir. 2010) ("We have said that if a plaintiff's federal claims are dismissed before trial, the state claims should be dismissed as well.") (*quoting Cave v. East Meadow Union Free School Dist.*, 514 F.3d 240, 250 (2d Cir. 2008)) (internal citation and quotation marks omitted).

## II. THE COURT SHOULD DISMISS PLAINTIFF'S RICO CLAIM FOR FAILURE TO STATE CLAIM AS A MATTER OF LAW.

Plaintiff purports to allege a RICO claim against Defendant Waltz alone. The Complaint, however, fails to plead fraud with the required specificity, fails to allege a pattern of racketeering, and fails to allege proximate causation. Therefore, the Court should reject Plaintiff's attempt to elevate a collection matter into a federal RICO claim and dismiss the Complaint and the supplemental state law claims that are contingent upon it.

"[C]ourts have an obligation to scrutinize civil RICO claims early in the litigation – to separate the rare complaint that actually states a claim for civil RICO from that more obviously alleging common law fraud." *Rosenson v. Mordowitz*,

2012 WL 3631308, at \*5 (S.D.N.Y. Aug. 23, 2012). To state a RICO claim under 18 U.S.C. § 1962(c), a plaintiff must plead four elements: "(1) conduct, (2) of an enterprise, (3) through a pattern (4) of racketeering activity." *Anatian v. Coutts Bank Ltd.*, 193 F.3d 85, 88 (2d Cir. 1999) (*quoting Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985)).  A plaintiff seeking to plead a pattern of racketeering activity "must allege (1) at least two predicate acts of racketeering occurring within a ten-year period; (2) that the predicate acts are related to each other; and (3) that the predicate acts amount to or pose a threat of continued criminal activity." *United States Fire Insurance Co. v. United Limousine Service, Inc.*, 303 F. Supp. 2d 432, 448 (S.D.N.Y. 2004) (*citing Cofacredit, S.A. v. Windsor Plumbing Supply Co., Inc.*, 187 F.3d 229, 242 (2d Cir.1999); *H.J. Inc. v. Northwestern Bell*, 492 U.S. 229, 239 (1989)). Insufficiently pled fraud claims cannot constitute predicate acts. *Moore v. PaineWebber, Inc.*, 189 F.3d 165, 173 (2d Cir. 1999).

A RICO complaint alleging mail and wire fraud as predicate acts must show "(1) the existence of a scheme to defraud, (2) defendant's knowing or intentional participation in the scheme, and (3) the use of interstate mails or transmission facilities in furtherance of the scheme." *S.Q.K.F.C., Inc. v. Bell Atlantic TriCon Leasing Corp.*, 84 F.3d 629, 633 (2d Cir.1996). Fraud "require[s] a misrepresentation or concealment of *material* fact." *Neder v. United States*, 527 U.S. 1, 22 (1999) (emphasis added).

In addition, RICO claims premised upon fraud are subject to the stricter pleading requirements under Federal Rule of Civil Procedure 9(b). *In re Sumitomo Copper Litigation*, 995 F. Supp. 451, 455-56 (S.D.N.Y. 1998). To comply with Rule 9(b), a complaint must "specify the statements it claims were false or misleading, give particulars as to the respect in which plaintiffs contend the statements were fraudulent, state when and where the statements were made, and identify those responsible for the statements." *Cosmas v. Hassett*, 886 F.2d 8, 11 (2d Cir. 1989); *Trautz v. Weisman*, 809 F. Supp. 239, 246 (S.D.N.Y. 1992) ("With a fraud claim, the time, place, speaker and content of the alleged misrepresentation must be specified"). In addition, the plaintiffs must also "identify the purpose of the mailing within the defendant's fraudulent scheme," *McLaughlin v. Anderson*, 962 F.2d 187, 191 (2d Cir. 1992), and "allege facts that give rise to a strong inference of fraudulent intent." *San Leandro Emergency Med. Group Profit Sharing Plan v. Philip Morris Cos.*, 75 F.3d 801, 812 (2d Cir. 1996). Because Rule 9(b) has "even greater urgency" in civil RICO actions, *Schmidt v. Fleet Bank*, Civil No. 96-5030, 1998 WL 47827, *5 (S.D.N.Y. Feb. 4, 1998) (*quoting Morin v. Trupin*, 778 F. Supp. 711, 716 (S.D.N.Y. 1991)), the "overwhelming trend" among courts is to apply Rule 9(b) strictly to effect the dismissal of civil RICO suits alleging mail and wire fraud. *In re Sumitomo Copper Litigation*, 995 F. Supp. at 455.

Here, the Complaint fails to allege fraud with specificity or a pattern of racketeering activity. The Complaint alleges use of the mails and wires in only a conclusory fashion and contains no specific examples of a mailing or wire and does not identify the purpose of the mailing or wire within the alleged scheme. The Complaint also fails to allege the specifics of any fraud committed on any other occasion other than the purported fraud committed against Plaintiff. The Complaint does not allege any particular false statement by Waltz, just that he signed an "Indebtedness Agreement," Compl. ¶ 40, under which Helix actually made multiple payments to Plaintiff between May 22, 2023 and September 15, 2023, *see* Compl. ¶ 42, at which point Waltz informed Plaintiff that Helix was waiting on (and struggling to collect) payments from its own customers, *see* Compl. ¶¶ 43-47, and that Helix then made additional payments to Plaintiff in October, *see* Compl. ¶ 49. In this regard, the repeated attempts by Helix to pay back the claimed indebtedness, as alleged in the Complaint, belie any inference – much less the required "strong inference" – of fraudulent intent. *See Energium Health v. Gabali*, No. 3:21-CV-2951-S, 2023 WL6392631 (N.D. Tex. Sep. 29, 2023) (dismissing RICO claim where Plaintiff failed to plead pattern of racketeering and mail and wire fraud with the required particularity).

Moreover, the Complaint does not allege any *material* misrepresentation sufficient to satisfy *Neder*. For purposes of a fraudulent inducement claim, an

alleged misrepresentation is "material" if "it influenced the party's decision to enter into the contract." *Sheffield Commercial Corp. v. Clemente*, 792 F.2d 282, 285 (2d Cir. 1986). Here, the Complaint alleges in a conclusory fashion that Plaintiff was misled by Helix's "advertising itself and conducting business as Helix Digital Partners, LLC when the Company's registered names is Helix Digital, Inc.," *see* Compl. ¶ 75(iv), but Plaintiff does not allege that it would not have entered into an agreement with Helix if it had been told the Company's proper name; rather, it alleges only that its collection efforts were (temporarily) hindered because of the alleged misrepresentation, *see* Compl. ¶ 94 (alleging that misrepresentation of Helix's name was material because "[h]ad Waltz disclosed that the correct name of the Company ... Plaintiff would have files [sic] its Motion [for Summary Judgment in Lieu of Complaint] against the correct entity and received a judgment for the amount owed."). Indeed, any alleged misrepresentation did not prevent Plaintiff from persuading Helix to enter into the so-called Indebtedness Agreement and has not prevented it from filing this lawsuit to collect the remaining amount Plaintiff claims Helix owes to it. Therefore, the RICO claim fails to satisfy Rule 9(b)'s rigorous pleading requirements.

For the same reasons, the Complaint fails to allege that the RICO violation was the proximate cause of Plaintiff's injury. *Martin Hilti Family Trust v. Knoedler Gallery, LLC*, 137 F. Supp. 3d 430, 480 (S.D.N.Y. 2015) ("To state a civil RICO

claim, a plaintiff is required to show that a RICO predicate offense 'not only was a "but for" cause of his injury, but was the proximate cause as well'") (*quoting Holmes v. Securities Investor Protection Corp.*, 503 U.S. 258, 268 (1992)). Here, the alleged misrepresentation was not the proximate cause of Helix's failure to pay the full amount owed under the Indebtedness Agreement or Plaintiff's inability to collect the amounts owed; rather, as the allegations in the Complaint itself make clear, Helix made payments under that agreement when it had the financial resources to do so and Plaintiff has filed this lawsuit to collect the remaining amount. *See Empire Merchants, LLC v. Reliable Churchill LLP*, 902 F.3d 132, 147 (2d Cir. 2018) (affirming dismissal of RICO claim partially predicated on mail fraud where "[plaintiff] failed adequately to allege that these predicate acts of racketeering proximately caused its injuries"); *Toohey v. Portfolio Recovery Associates, LLC*, No. 15 Civ. 8098, 2016 WL 4473016, at *10 (S.D.N.Y. Aug. 22, 2016) (dismissing RICO claim with predicate acts of mail and wire fraud where plaintiff failed to allege with particularity how defendant's conduct resulted in damage).

For these reasons, the Complaint fails to allege fraud with specificity, fails to allege a pattern of racketeering activity with specificity, and fails to allege that the fraud alleged was the proximate cause of any real injury. Accordingly, the Court should dismiss Plaintiff's RICO claim as a matter of law.

## CONCLUSION

For the reasons set forth above, the Court should vacate the default judgment against Helix and dismiss the Complaint for lack of subject matter jurisdiction and for failure to state a claim.

Respectfully submitted,

Mark A. Berman, Esq.
**HARTMANN DOHERTY ROSA BERMAN & BULBULIA LLP**
1270 Avenue of the Americas, Suite 816
New York, New York 10022
t: 212-344-4619
e: mberman@hdrbb.com

*Attorneys for Defendants*
*Helix Digital Inc. and James Waltz*

Dated: May 17, 2024