**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x
:
AMITY DIGITAL LLC,                                               :
:
Plaintiffs,                            :          23-cv-11044 (LTS) (OTW)
:
-against-                               :          **AMENDED REPORT AND**
:          **RECOMMENDATION TO THE HON.**
HELIX DIGITAL INC., et al.,                                      :          **LAURA TAYLOR SWAIN**
:
Defendants.                            :
:
-----------------------------------------------------------------x

**ONA T. WANG, United States Magistrate Judge:**

On October 2, 2025, I recommended default judgment be entered as to all Defendants.

(ECF 71, "initial R&R"). No objections to my initial R&R have been filed by any Defendant. In

light of Defendant Waltz's *pro se* appearance, I am amending my recommendation as follows: I

respectfully recommend that the answer of Defendant Helix Digital, Inc. ("Helix") be stricken

and that default judgment be entered as to all remaining claims against Helix. I do not at this

time recommend that Waltz's answer be stricken. **This amended R&R supersedes the initial**

**R&R at ECF 71**.

> I.          **PROCEDURAL BACKGROUND**

On March 25, 2025, after the case was reassigned to her, Judge Swain ruled on

Defendants' motions to dismiss and to vacate default, and Plaintiff's motion for sanctions (*see*

ECF 55). The motions for dismissal and sanctions were denied, and the motion to vacate Helix's

default was granted in part and denied in part. (ECF 55). Specifically, Judge Swain found that

Amity had sufficiently pleaded a RICO claim against Waltz, and that Plaintiff had sufficiently

(and subsequently) shown federal question and diversity jurisdiction over both Defendants.

Judge Swain then found that since counsel and Waltz had not offered any defenses as to Amity's breach of contract claim, Helix's default on the breach of contract claim would not be vacated. (ECF 55 at 9). At the time, both Defendants were represented by counsel, who filed separate answers for them. (ECF Nos. 57, 58).

After Defendants answered and I held an initial case management conference, Defendants' counsel sought to withdraw. (ECF 62). On June 17, 2025, I held a conference at which outgoing defense counsel and their clients were directed to appear; only counsel appeared, and they detailed their efforts to reach their clients. (ECF 75; June 17, 2025 Hr'g Tr. at 2:21–3:17). On the same day that defense counsel's motion to withdraw was granted (ECF 65), I issued an Order to Show Cause (ECF 66) for Defendants to explain why they failed to appear at the June 17 conference as directed. Defense counsel filed affadavits of service on Waltz and Helix at ECF Nos. 67 and 68, but they reflected only that they were mailed to Waltz's last known address, from which Waltz had (apparently) already moved. (See ECF Nos. 67, 68, 75 at 3:25–4:05). The docket does not reflect that these orders were emailed to Defendants, but Waltz timely complied with the directive in ECF 65 by indicating that he wished to proceed *pro se*. (ECF 69). In that response, Waltz updated his mailing address and confirmed that his email address and phone number remained the same as previously listed on the docket. Waltz's filing also attached ECF 65, confirming that he received actual notice of ECF 65. Waltz did not, however, explain why he failed to appear at the June 17 conference or why he failed to comply with the directives in the Order to Show Cause at ECF 66. No response was filed by Helix.

### A. Service of Orders on Waltz

When this case was referred to me, Waltz and Helix were represented by counsel who was authorized to accept service on their behalf. Counsel for Defendants filed answers on behalf of both Defendants and filed a proposed case management plan that I subsequently entered. (ECF Nos. 57–61). One month after the case management plan was entered, counsel for Defendants filed a motion to withdraw, stating that Defendants have been "non-responsive to counsel's communications," and that "this has been a persistent problem since May 15, 2024." (ECF 62-1 at 2). I subsequently ordered counsel to serve a copy of their motion on Waltz and Helix, and file proof of service on the docket. (ECF 63). In their signed affidavit, counsel stated that, "on June 10, 2025, the Firm emailed Mr. Waltz a copy of the Notice of Motion for Leave to Withdraw as Counsel; (ii) Certification of Joseph W. Torre, Esq.; and (iii) the Certification of Service." (ECF 64 at 1). Counsel also stated that they mailed a copy of the aforementioned documents by regular and certified mail to Mr. Waltz's last known address at 4 Circle Drive, Rumson, New Jersey, 07760 (the "Rumson address"). *Id.* On June 12, 2025, Counsel emailed Mr. Waltz a copy of the Court's Order directing Defendants' appearance in Court. *Id.* at 2. Counsel also hired a service processor who attempted to serve Mr. Waltz at the Rumson address but was unsuccessful. *Id.*

In that same Order, I scheduled a status conference in this matter and required Counsel for Defendants to appear in person at the status conference **with all of their clients.** Neither client was in appearance at the conference. Following the conference, I issued an Order to Show Cause why a recommendation of entry of default should not be ordered for failure to comply with the Court's June 12 Order. (ECF 66). The Clerk of the Court apparently mailed this Order to

3

both Defendants at the Rumson address on July 2, 2025, but there is no indication whether ECF 65 and ECF 66 were also emailed or delivered to Waltz in any other way. On July 18, 2025, Waltz timely filed a letter on the docket indicating that he intends to represent himself in this matter, and updated his mailing address to 78 Heights Terrace, Fair Haven, New Jersey 07704. (ECF 69). In that filing, Waltz did not comply with ECF 66. Waltz also has not apparently responded to discovery requests propounded by Plaintiff nor taken any other action on the docket. (*See* docket, generally, and ECF 70.)

## II.    LEGAL STANDARD

"Rule 55(a) of the Federal Rules of Civil Procedure provides that the Clerk of the Court shall enter a default against a party who has failed to plead or otherwise defend an action." *O'Callaghan v. Sifre*, 242 F.R.D. 69, 72 (S.D.N.Y. 2007) (internal quotations omitted); Fed. R. Civ. P. 55(a). Once default has been entered against a defendant, then, "upon application of the party entitled to a judgment by default, the Court may proceed to enter a default judgment against the defaulting party. *O'Callaghan*, 242 F.R.D. at 72 (internal quotations omitted). "A default judgment may not be granted, however, if the defendant has not been effectively served with process." *Id.* District Courts may inquire *sua sponte* into service of process and personal jurisdiction before entering a default judgment. *Sinoying Logistics Pte Ltd. v. Yi Da Xin Trading Corp.*, 619 F.3d 207, 214 (2d Cir. 2010) (holding district courts must determine they have personal jurisdiction before entering a default judgment against a party).

A court has wide discretion in issuing sanctions on a party which fails to answer, appear at conferences, or comply with scheduling and other pretrial orders, including, *inter alia*, striking pleadings and rendering a default judgment. *See* Fed. R. Civ. P. 16(f)(1)(A)-(C); 37(b)(2)(A)(vi).

The court may enter a default judgment when the noncompliant party has failed to follow a court order due to due to willfulness, bad faith, or any fault, including gross negligence. *See Valentine v. Museum of Modern Art*, 29 F.3d 47, 49 (2d Cir. 1994); *Cine Forty–Second St. Theater Corp. v. Allied Artists Pictures Corp.*, 602 F.2d 1062, 1066 (2d Cir. 1979).

Among the factors to be considered when imposing default sanctions are: (1) the party's history of noncompliance; (2) the effectiveness of lesser sanctions; (3) whether a warning had been issued regarding imposition of sanctions; and (4) whether imposing lesser sanctions would prejudice the moving party. *2W Prod. Corp. v. Y & P Wholesale, Inc.*, No. 07-CV-0423 (ENV) (MDG), 2009 WL 29311, at *3 (E.D.N.Y. Jan. 5, 2009), *report and recommendation adopted,* No. 07-CV-0423 (ENV) (RML), 2009 WL 455292 (E.D.N.Y. Feb. 23, 2009)(citing *Stirrat v. Ace Audio/Visual, Inc.*, 2004 WL 2212096, at *2 (E.D.N.Y. Sept. 24, 2004)).

Under the Federal Rules of Civil Procedure, defendants are required to take certain actions if they intend to litigate in federal court. *See generally* Fed. R. Civ. P. At the most basic level, a defendant is required to answer or otherwise defend a complaint. *See* Fed. R. Civ. P. 55(a); *see also Grace v. Bank Leumi Trust Co. of N.Y.*, 443 F.3d 180, 192 (2d Cir. 2006) ("[W]here a corporation repeatedly fails to appear by counsel, a default judgment may be entered against it pursuant to Rule 55.") (internal citation omitted).

### III.    DISCUSSION

#### A.  Helix has failed to defend against Plaintiff's claims

Helix has failed to defend against the remaining state law claims for which Judge Swain vacated default judgment in March of 2025. (ECF 55 at 19). After prior counsel was relieved, Helix has not taken any action to retain counsel, appear at Court conferences, or otherwise

comply with this Court's orders or defend this case. (ECF 65). It is well-established that a corporation cannot appear *pro se*, and must be represented by a lawyer. *See Grace v. Bank Leumi Trust Co. of NY*, 443 F.3d 180, 192 (2d Cir. 2006).

Accordingly, I respectfully recommend that Helix's answer at ECF 58 be stricken, and default be entered as to these claims. *See Lopez v. J&K Floral USA, Inc.*, 307 F. Supp. 3d 257, 259 (S.D.N.Y. 2018) (striking defendants' answer after defendants were "warned about potential sanctions" yet continued to disregard orders).

**B.   Waltz should be given one final opportunity to defend the case against him**

Although Waltz's failure to respond to ECF 66 could independently support a recommendation of default, the Court "is ordinarily obligated to afford a special solicitude to *pro se* litigants," which includes some degree of "leniency in the enforcement of other procedural rules." *Tracy v. Freshwater*, 623 F.3d 90, 101 (S.D.N.Y. 2010) (collecting cases and noting that while self-representation "does not exempt a pro se litigant from compliance with procedural rules," procedural rules may be relaxed until it is clear that the litigant understands the nature the motion(s) and consequences of failing to respond properly). Because Waltz has indicated a desire to represent himself in defense of this case, I do not recommend striking his answer at this time.

Mr. Waltz is reminded, however, that this is his **last chance**.[1] He had previously been warned by Judge Broderick at least twice that he was in danger of default. (ECF Nos. 17, 33). Although Judge Swain vacated the default against Waltz, she did so while noting that Waltz

---

[1] Waltz is also directed to review ECF 70, in which Plaintiff's counsel represented that they sent Waltz discovery demands to which he has not yet responded.

"may have made a tactical decision to [cause Helix to] default in this action." (ECF 55 at 7). And while Judge Swain denied Rule 11 sanctions against Waltz in March of 2025, Waltz should not treat this denial as a "win," because the requirements for Rule 11 sanctions are very strict. (*See* ECF 55 at 18-19) (noting that while "many" of Waltz's statements "appear at odds with the information communicated to Waltz [at the conferences before Judge Broderick]," . . .the Court cannot find "<u>clear</u> deception" or "<u>obvious</u> fraud") (emphases added).

## IV.    OBJECTIONS

In accordance with 28 U.S.C. §636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days (including weekends and holidays) from receipt of this Report to file written objections. *See also* Fed. R. Civ. P. 6. A party may respond to any objections within fourteen (14) days after being served. Such objections, and any responses to objections, shall be addressed to the Honorable Laura Taylor Swain, Chief United States District Judge. **Any requests for an extension of time for filing objections must be directed to Judge Swain and, if filed by Helix as to the recommendation that its answer be stricken and a default be entered, must be filed by Helix's counsel.**

**FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.** *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *IUE AFL-CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1054 (2d Cir. 1993); *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988); *McCarthy v. Manson*, 714 F.2d 234, 237–38 (2d Cir. 1983).

The Clerk is respectfully requested to mail a copy of this Report and Recommendation to *pro se* Defendant Waltz at his last known address: 78 Heights Terrace, Fair Haven, New Jersey

07704, and email a copy to jimwaltz@gmail.com. (*See* ECF 69). The Clerk of the Court is

respectfully directed to close ECF 72 as moot in light of this Amended Report and

Recommendation.

**SO ORDERED.**

*s/ Ona T. Wang*

Dated: May 28, 2026                                    **Ona T. Wang**
     New York, New York                    United States Magistrate Judge