UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x

AMITY DIGITAL, LLC,

                Plaintiff,

    -v-                                No.  23-CV-11044-LTS-OTW

HELIX DIGITAL INC. and JAMES WALTZ,

                Defendants.

---------------------------------------------------------x

### ORDER ADOPTING AMENDED REPORT AND RECOMMENDATION

Amity Digital LLC ("Amity" or "Plaintiff") brings this action asserting claims for violations of the civil Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C.A. § 1961 et seq. (Westlaw through P.L. 119-98), against James Waltz ("Waltz"), breach of contract against Helix Digital Inc. ("Helix" and, together with Waltz, "Defendants"), and common law claims for fraud, fraudulent concealment, negligent misrepresentation, and unjust enrichment against both Defendants.  (Docket entry no. 1 (the "Complaint" or "Compl.").)  The Court has subject matter jurisdiction of this action under 28 U.S.C. sections 1331 and 1332.

On October 2, 2025, Magistrate Judge Wang issued a Report and Recommendation (docket entry no. 71 (the "Report")) setting forth recommended resolutions of pending matters in this case.  On May 28, 2024, Magistrate Judge Wang issued an Amended Report and Recommendation.  (Docket entry no. 77 (the "Amended Report")).  The Court has thoroughly reviewed the Report, the Amended Report, and Plaintiff's objections (see docket entry no. 80 ("Amity Objs.")).  For the reasons stated below, the Amended Report is adopted in full, and Plaintiff's objections are overruled.

## I.    Background

Plaintiff initiated this action on December 20, 2023.  (Compl.)  Plaintiff properly served Defendants pursuant to Rule 4 of the Federal Rules of Civil Procedure on December 27, 2023.  (Docket entry no. 5.)  Defendant's answer to Plaintiff's complaint was due on January 17. 2024.  (Id.)  When Defendants failed to answer or file any notice of appearance in this action by January 23, 2024, as directed, Plaintiff obtained a Certificate of Default from the Clerk of Court. (Docket entry no. 9.)  Plaintiff later moved for entry of default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2) on April 11, 2024.  (Docket entry nos. 29-32.)

On January 25, 2024, Judge Vernon Broderick issued an Order to Show Cause to both defendants.  (Docket entry no. 33.)  On February 29, 2024, the Court held a Show Cause hearing at which Defendant Waltz appeared pro se.  At that hearing, Judge Broderick informed Waltz that he could not represent Helix pro se, and Judge Broderick directed Waltz to file a notice of appearance for himself if he wished to defend the claims asserted against him as an individual.  (See docket entry no. 50-2 ("Feb. Tr.") at 3:2-5, 10:11-16.)  Waltz indicated, in his capacity as the principal of Helix, that he did not intend to retain counsel to defend the action with respect to Helix.  (Id. at 5:14-20.)  Judge Broderick stated at the hearing that the Court would enter default as to Helix's liability and "hold in abeyance" a final determination on damages following a determination of Waltz's liability and an inquest on damages.  (Id. at 6:4-10.)  Finally, Judge Broderick ordered Waltz to provide his contact information to Plaintiff's counsel and the Court's pro se office, so that he could comply with the Court's direction to meet and confer with counsel about a potential stipulation as to the judgment of damages with respect to Helix.  (Id. at 8:1-15, 9:15-17, 10:11-16.)

On March 1, 2024, Judge Broderick entered a written order providing that "default judgment as to liability is entered in favor of Amity Digital LLC . . . and against Helix Digital Inc." (Docket entry no. 20 (the "Default Judgment as to Helix").) The appearing parties were again ordered to meet and confer, by March 15, 2024, "to determine whether a stipulation of judgment regarding Helix Digital's liability can be reached." (Id.) On March 14, 2024, Plaintiff's counsel informed Judge Broderick that Waltz had never provided his contact information nor communicated with Plaintiff to arrange the court-ordered meet and confer. (Docket entry no. 21.) On March 17, 2024, Judge Broderick again ordered Waltz to contact the pro se office by April 1, 2024, warning that a default judgment could be entered against him if he did not. (Docket entry nos. 22-23.)

When Waltz again failed to comply (see docket entry nos. 22, 25), the Court held a second show cause hearing on May 2, 2024 (docket entry no. 33). At that hearing, Judge Broderick gave Waltz a final chance to enter a notice of appearance and confer with Plaintiff's counsel. (Docket entry no. 39 ("May Tr.") at 11.) Waltz was given an extension to May 17, 2024, to answer the Complaint. (Docket entry no. 38.)

On May 17, 2024, defense counsel first appeared on behalf of both Defendants by filing motions to vacate the entry of default against Defendant Helix pursuant to Rule 55(c) of the Federal Rules of Civil Procedure, and to dismiss the Complaint as against both Defendants for failure to state a claim under RICO and otherwise for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (Docket entry no. 42 (the "Defense Motions").) This case was transferred to the undersigned on December 4, 2024.

On March 25, 2025, the undersigned entered a written Order as to the Defense Motions and referred the case to Magistrate Judge Wang for general pretrial management. (Docket entry no. 55 ("March 2025 Order").)  The March 2025 Order denied Helix's motion to vacate default judgment with respect to its liability for breach of contract, but granted it with respect to all other claims against Helix.  The Court also denied Defendants' motions to dismiss Plaintiff's Complaint.

Counsel for Defendants filed answers to the Complaint on April 4, 2025.  (Docket entry nos. 57-58.)  Shortly after an initial case management conference before Judge Wang on May 7, 2025, counsel for Defendants moved to withdraw on the basis that multiple attempts to reach Defendants had been unsuccessful.  (Report at 1.)  In an order entered on June 12, 2025, Judge Wang directed Defendants and their counsel to appear before her in a status conference on June 17, 2025.  (Id.)  While counsel did appear, neither Waltz nor a representative of Helix appeared at the June 17 conference.  On June 30, 2025, Judge Wang granted defense counsel's motion to withdraw and ordered Defendants to show cause in writing by July 18, 2025, why a recommendation of entry of default should not be ordered for failure to comply with the Court's June 12 Order.  (Id; see also docket entry no. 65 (order granting motion to withdraw); docket entry no. 66 ("June 30 Order to Show Cause").)  Waltz submitted a letter on July 18, 2025, informing the Court that he intended to proceed pro se and providing updated contact information.  (Docket entry no. 69.)  Neither Defendant responded to the show cause order.

Plaintiff filed a motion to compel Defendants' compliance with outstanding discovery requests on September 9, 2025, which included a request that the Court enter default judgment.  (Docket entry no. 70.)  On October 2, 2025, Judge Wang entered her Report recommending that default judgment be entered as to all defendants.  (Report at 2.)  The parties

did not file objections to Magistrate Judge Wang's Report, and the deadline for filing objections passed on October 16, 2025.  28 U.S.C. § 636(b)(1)(C); (see also docket entry no. 71).  On November 20, 2025, Plaintiff filed a letter motion to expedite, which the Court construes as a motion renewing Plaintiff's earlier motion for default judgment.  (Docket entry no. 72.)

On May 28, 2026, Magistrate Judge Wang issued an Amended Report and Recommendation recommending entry of default judgment as to Helix only and that Waltz, who had written to provide new contact information and represented that he wished to proceed pro se, be given a final chance to proceed properly in the defense of this action.  (Docket entry no. 77 (the "Amended Report")).  Plaintiff timely objected to Judge Wang's recommended resolution of claims against Waltz.  (Docket entry no. 80 ("Amity Objs.") at 2-4.)  Defendants did not object and have not entered any appearances or made any filings since Waltz's July 18, 2025, letter.  (See docket entry no. 69.)

## II.    DISCUSSION

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).  "Objections to a Report must be specific and clearly aimed at particular findings in the magistrate judge's proposal."  Molefe v. KLM Royal Dutch Airlines, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009).  To the extent that a party makes a specific objection to the magistrate judge's findings, the Court must make a de novo determination.  United States v. Male Juv. (95-CR-1074), 121 F.3d 34, 38 (2d Cir. 1997).  Conversely, where a party makes conclusory objections, fails to object to a portion of a report and recommendation, or simply reiterates a previous argument before the magistrate judge, the Court reviews the Report strictly for clear error.  Pearson-Fraser v. Bell Atl., No. 01-CV-2343-WK, 2003 WL 43367, at *1

(S.D.N.Y. Jan. 6, 2003); Syville v. City of New York, No. 20-CV-571-LTS-SDA, 2022 WL 36477, at *1 (S.D.N.Y. Jan. 4, 2022).

Rule 55 of the Federal Rules of Civil Procedure establishes a two-step procedure for entering judgment by default against a party who fails to defend: first, entry of a default, and then entry of default judgment. Rule 55(a) provides that, when a party fails to "plead or otherwise defend" against an action seeking affirmative relief and that failure is shown by affidavit or otherwise, the clerk of court must enter the party's default. Fed. R. Civ. P. 55(a). A party may thereafter move for, and the district court may grant, judgment by default. Fed. R. Civ. P. 55(b); see also Berdini v. Nova Sec. Grp., No. 13-CV-5672-FB-CLP, 2015 WL 5540735, at *3 (E.D.N.Y. Sept. 2, 2015), report & recommendation adopted, No. 13-CV-5672-FB, 2015 WL 5541233 (E.D.N.Y. Sept. 18, 2015). Default judgment is "a final action by the district court in the litigation." Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95 (2d Cir. 1993).

A.    Default as to Helix

Plaintiff does not object to the portions of the Amended Report recommending that Helix's answer be stricken and that default judgment be entered as to all remaining claims against Helix. After careful review, the Court finds no clear error in Judge Wang's treatment of those issues and thus adopts those portions of the Amended Report in full.

Helix has failed to defend against Plaintiff's remaining claims under state law and thus default is appropriate. The Supreme Court has held that "a corporation may appear in the federal courts only through licensed counsel." Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 202 (1993). Accordingly, "where a corporation repeatedly fails to appear by counsel, a default judgment may be entered against it pursuant to Rule 55." Sec. & Exch. Comm'n v. Rsch. Automation Corp., 521 F.2d 585, 589 (2d Cir. 1975); see also Grace v.

Bank Leumi Tr. Co., 443 F.3d 180, 192 (2d Cir. 2006).  When a party has "willfully disregarded the district court's order" to obtain counsel, "[s]uch cavalier disregard for a court order is a failure, under Rule 55(a), to 'otherwise defend.'"  Eagle Assocs. v. Bank of Montreal, 926 F.2d 1305, 1310 (2d Cir. 1991) (internal quotation omitted).  Thus, courts in this Circuit have held that when a corporate defendant violates a court order to appear by counsel, "it is also appropriate for a court to strike the answer and counterclaims of that defendant."  Next Proteins, Inc. v. Distinct Beverages, Inc., No. 09-CV-4534-DRH-ETB, 2012 WL 314871, at *2 (E.D.N.Y. Feb. 1, 2012).

Defendant Helix is clearly in default under Rule 55(a).  Despite direction from the Court, Helix has not filed an appearance by new counsel and is now long past the deadline to do so.  (Docket entry no. 65.)  Helix's prior counsel withdrew pursuant to an unambiguous withdrawal order that informed Helix of the need for representation, set a deadline for new counsel to make an appearance, and warned of default judgment as a consequence of failing to appear.  (Id.)  Helix had notice of the withdrawal order, and of the June 17 conference, as the Order and a transcript were served upon Defendant by July 2, 2025.  (See docket entry nos. 65, 67-68.)  Accordingly, Helix has "taken no action" to vacate the Clerk's entry of default, see Berdini, 2015 WL 5540735, at *5, and it has failed to oppose Plaintiffs' Motion for Default Judgment, see Shapiro, Bernstein & Co. v. Cont'l Rec. Co., 386 F.2d 426, 427 (2d Cir. 1967) (per curiam).  Helix's clear "lack of interest in defending this action" justifies the entry of default as a sanction, Berdini, 2015 WL 5540735, at *5, as "[s]uch cavalier disregard for a court order" constitutes a willful failure to "otherwise defend" this action under Rule 55(a).  Eagle Assocs., 926 F.2d at 1310; see also Northfield Ins. Co. v. Mannara Contracting Corp., No. 18-CV-6447-

SJF-AYS, 2019 WL 5874063, at *2 (E.D.N.Y. Aug. 22, 2019), report & recommendation adopted, No. 18-CV-6447-SJF, 2019 WL 4291652 (E.D.N.Y. Sept. 11, 2019).

Helix's liability has also been established by default. Helix was determined liable by default on the breach of contract cause of action on March 1, 2024, which default has never been lifted. (See docket entry no. 20 (finding the record sufficient for a default judgment on liability against Helix as to all claims against it).) The Court's March 2025 Order later lifted the default finding as to the non-contract claims but found Plaintiff's pleading of all claims sufficient to support a finding of liability. (March 2025 Order (denying Helix's motion to vacate the default judgment on the contract claim and finding Plaintiff's remaining allegations sufficient to state claims upon which relief may be granted on all of the other causes of action).) For the above reasons, the Court now strikes Helix's answer (docket entry no. 58) in its entirety. See Next Proteins, Inc., 2012 WL 314871, at *2.[1] The Plaintiff's well-pleaded factual allegations are deemed admitted and, because they are sufficient to support the remaining claims plausibly, Plaintiff's motion for judgment by default is granted as to liability against Helix.

B.    Default as to Waltz

Plaintiffs object to the portions of the Amended Report concerning Waltz, arguing that the Amended Report's recommendation that default should not be entered fails to give appropriate weight to Waltz's extensive history of noncompliance, that lesser measures have

---

[1]    See also, e.g., Eagle Assocs., 926 F.2d at 1309-10 (affirming dismissal of counter-claims and cross-claims of corporate defendant who failed to retain counsel); Arch Ins. Co. v. Sky Materials Corp., No. 17-CV-2829-CBA-LB, 2021 WL 966110, at *4 (E.D.N.Y. Jan. 29, 2021) ("Where a corporate defendant has been ordered to retain counsel and fails to do so, striking a defendant's answer, including its counterclaims, is an appropriate sanction."), report and recommendation adopted, No. 17-CV-2829-CBA, 2021 WL 964948 (E.D.N.Y. Mar. 15, 2021); Northfield Ins. Co., 2019 WL 5874063, at *2 (striking answer where Defendant failed to enter an appearance despite court order).

been tried and have failed, and that further leniency would prejudice Plaintiff.  (Amity Objs. at 2-4.)  After reviewing de novo the portion of the Report pertaining to Waltz, this Court adopts that portion in its entirety.  Plaintiff's objections are overruled.

In determining whether to grant such a motion, the court may consider numerous factors, including "whether plaintiff has been substantially prejudiced by the delay involved[] and whether the grounds for default are clearly established or are in doubt."  10A Wright & Miller's Federal Practice & Procedure § 2685 (3d ed. 1998) (footnotes omitted).  The court is also guided by the same factors that apply to a motion to set aside entry of a default: (1) whether the default was willful; (2) whether the plaintiff would be prejudiced by the denial of the motion for default judgment; and (3) whether there are any meritorious defenses to plaintiff's claims.  See Pecarsky v. Galaxiworld.com Ltd., 249 F.3d 167, 170-71 (2d Cir. 2001) (examining these factors on review of district court's decision to grant default judgment).

Here, it is not completely clear from the record that Waltz's default to date is willful: while he failed to respond to the Court's June 30 Order to Show Cause, he did express an intention to proceed and provided contact information for future filings.  (See docket entry no. 69.)  "[B]ecause defaults are generally disfavored and are reserved for rare occasions, when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party."  Enron Oil Corp., 10 F.3d at 96; see id. at 97-98 (holding that default judgment on amended pleading would not be appropriate in the face of conflicting evidence as to whether that pleading was served on the defendant).  This is especially true where, as here, that party proceeds pro se.

Significantly, nothing on the record suggests that Waltz received actual notice of the June 30 Order to Show Cause, which was mailed to an address in Rumson, New Jersey, in

July of 2025.  Later that month, Waltz wrote to the Court to indicate his intention to proceed pro

se and to provide a new address in Fair Haven, New Jersey.  (See docket entry no. 69 (attaching

a copy of the Court's order at docket entry no. 65 granting former defense counsel's motion to

withdraw).)  While Waltz also confirmed the email address and phone number listed on the

docket, nothing in the record indicates that he has consented to electronic filing.  And, while the

record shows that the Report and Amended Report were subsequently mailed to Helix at the

Rumsford address, there is no such record of service by mail as to Waltz at either the Rumsford

or Fair Haven addresses.

Because it is possible that Waltz never received service of the order to show

cause, nor had notice of his opportunity to object to either the Report or the Amended Report, the

Court cannot conclude at this time that he has failed to defend the case against him such that he

may properly be found to be in default at this juncture.  For these reasons, Mr. Waltz will, as

Judge Wang recommended, be given one final chance to defend his case.  That chance will

consist of the opportunity to demonstrate complete compliance with the schedule, consultation,

and joint filing requirements set forth in Judge Wang's May 28, 2026, order.  (See docket entry

no. 78, at 1-2.)

C.    Damages

If the facts and evidence presented are sufficient to establish liability, the Court

then must determine the appropriate amount of damages.  Santana v. Latino Express Restaurants,

Inc., 198 F. Supp. 3d 285, 291 (S.D.N.Y. 2016).  As noted above, the Court has already reviewed

the record and determined that Helix is liable to Plaintiff on all claims.  This "involves two tasks:

determining the proper rule for calculating damages on such a claim, and assessing plaintiff's

evidence supporting the damages to be determined under this rule."  Id. (quoting Credit Lyonnais

Sec. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999)).  While the Court is not

"'obligated to hold an evidentiary hearing' to determine damages, it must 'take the necessary

steps to establish damages with reasonable certainty.'"  Id. (quoting Transatlantic Marine Claims

Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc., 109 F.3d 105, 111 (2d Cir.1997)).

This case will therefore be referred to Judge Wang for an inquest and recommendation as to the

amount of damages to which Plaintiff is entitled against Helix.


III.    CONCLUSION

For the foregoing reasons, the Court adopts the Amended Report in its entirety

and adjudges Helix in default as to the remaining claims against it.  Helix's answer is stricken in

its entirety.  Plaintiff's motion for a default judgment is granted as to Helix and, accordingly, an

inquest into the amount of damages for which Helix is liable will be conducted by Judge Wang.


SO ORDERED.

Dated: New York, New York
          June 18, 2026


/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge