**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x

AMITY DIGITAL LLC,

Plaintiffs,

-against-

HELIX DIGITAL INC., JAMES WALTZ,

Defendants.

---------------------------------------------------------------x

23-cv-11044 (LTS) (OTW)

**REPORT AND RECOMMENDATION TO THE HON. LAURA TAYLOR SWAIN**

**ONA T. WANG, United States Magistrate Judge:**

On July 29, 2026, I issued an Order to Show Cause (the "July 29 OSC") why I should not recommend Defendant Waltz's answer be stricken for failure to appear at a telephonic preliminary settlement conference. (ECF 95). The OSC gave Mr. Waltz a deadline of August 7, 2026, to explain why he failed to appear. As of August 25, 2026, no such letter has been filed. At this time, I recommend that Mr. Waltz's answer be stricken for failure to comply with Court orders and for his failure to appear at the July 29, 2026 conference, and that the Clerk of Court enter a certificate of default.

## I. RELEVANT PROCEDURAL BACKGROUND

On May 28, 2026, I issued a Report & Recommendation recommending that the answer of Defendant Helix Digital, Inc. ("Helix") be stricken and that default judgment be entered as to all remaining claims against Helix. (ECF 77). I also recommended that Mr. Waltz be given one final opportunity to defend the case against him. *Id.* I warned Mr. Waltz that this was his "**last**

**chance**" to defend the case against him following at least three[1] instances of failure to comply with Court orders. *Id.* at 6. (emphasis in original). Following the issuance of that R&R, I scheduled a status conference in this case for July 2, 2026, and required Waltz to comply with all outstanding discovery requests by June 26. (ECF 78). The R&R was adopted in its entirety by Chief Judge Swain, and Helix was adjudged to be in default as to the remaining claims against it. (ECF 81). Helix's answer was stricken and an inquest into the amount of damages for which Helix is liable is forthcoming. *Id.* Mr. Waltz was also warned by Chief Judge Swain that failure to comply with outstanding discovery requests by June 26 and to appear at the July 2 Conference would result in default against him. (ECF 82 at 1).

On June 25, 2026, Mr. Waltz sought a three-week extension of all discovery deadlines, including an adjournment of the July 2 Status Conference in light of family circumstances that required his presence in a "rural area of Maine" with "extremely limited and at times nonexistent cellular and internet service." (ECF 84). To accommodate the hardships described in his letter, I permitted Mr. Waltz to appear by phone with direction that Waltz make arrangements to have reliable phone service in order to participate in the conference. (ECF 85). On July 2, 2026, I held the in-person status conference with Mr. Waltz appearing on the overhead telephone line. Plaintiff indicated that Mr. Waltz had reached out to Plaintiff's firm via email prior to the conference to discuss settlement, but the conversation "never took place." (ECF 93, July 2, 2026, Hearing Tr. at 4:11-13). Mr. Waltz represented that he was unable to schedule a call due to his "mother's pass[ing], and [he has] been in a position where [he] had

[1] Waltz has failed to comply with this Court's Orders since 2024. He had previously been warned by Judge Broderick at least twice that he was in danger of default, (ECF Nos. 17, 33), by me at least once before for failure to comply with the Court's most recent Order, (ECF 66), and by Chief Judge Swain at least once. (ECF 82).

practically zero cell service, no Internet service whatsoever in the middle of rural Maine in the deep woods," but he was "happy to have that conversation." *Id.* at 4:20-5:20.

At the conference, I then indicated that I would "schedule a call for plaintiff's counsel and for Mr. Waltz, [] to talk about settlement," that would take place "sometime after July 10." (ECF 93, July 2, 2026, Hearing Tr. at 07:07-06).

In my post-conference Order, I scheduled a preliminary settlement conference call for July 28, 2026 at 3:00 PM. (ECF 88). That same Order directed parties to file a joint Rule 26(f) report by July 10. *Id.; see also* Hearing Tr. at 6:06-19). Both parties complied with the submission of the 26(f) report, however, Mr. Waltz failed to comply with his appearance at the July 28 telephonic conference, nor did he ever inform the Court or counsel that he could not attend. I thereafter issued the July 29 OSC, ECF 95, which was served on Mr. Waltz at the email address he indicated he would receive service. (ECF 96). Mr. Waltz has not filed a response to the Order to Show Cause, nor has he filed any letter following the joint 26(f) report.

## II. LEGAL STANDARD

A court has wide discretion in issuing sanctions on a party which fails to answer, appear at conferences, or comply with scheduling and other pretrial orders, including, *inter alia*, striking pleadings and rendering a default judgment. *See* Fed. R. Civ. P. 16(f)(1)(A)-(C); 37(b)(2)(A)(vi). The court may enter a default judgment when the noncompliant party has failed to follow a court order due to due to willfulness, bad faith, or any fault, including gross negligence. *See Valentine v. Museum of Modern Art*, 29 F.3d 47, 49 (2d Cir. 1994); *Cine Forty–Second St. Theater Corp. v. Allied Artists Pictures Corp.*, 602 F.2d 1062, 1066 (2d Cir. 1979).

In exercising discretion when default sanctions, Courts consider the following factors: (1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance; and (4) whether the non-compliant party has been warned of the consequences of noncompliance. *World Wide Polymers, Inc. v. Shinkong Synthetic Fibers Corp.,* 694 F.3d 155, 159 (2d Cir. 2012) (citing *Agiwal v. Mid Island Mortg. Corp.,* 555 F.3d 298, 302 (2d Cir. 2009)). In addition, courts often consider any prejudice suffered by the movant. *See, e.g., Local Union No. 40 v. Car-Win Constr., Inc.*, 88 F. Supp. 3d 250, 263 (S.D.N.Y. 2015). Failure to appear at conferences and a failure to comply with court orders are sufficient to warrant sanctions. *See Streets v. Mangena*, No. 23-CV-10648 (AT) (SDA), 2024 WL 4729059, at *3 (S.D.N.Y. Oct. 18, 2024) (recommending default as a sanction where Defendant failed to comply with two court orders and appear at a telephonic conference); *see also Xin Hao Liu v. Millenium Motors Sports, LLC*, No. 17-CV-6438 (RPK) (RER), 2020 WL 7028924, at *3 (E.D.N.Y. Nov. 5, 2020) ("Courts in this District find a litigant's actions to be willful when there has been unexplained and repeated failure to respond to discovery requests, comply with court orders, and appear in a scheduled hearing").

## III. DISCUSSION

Mr. Waltz had sufficient notice about the consequences of his repeated failures to comply with court orders, including striking his answer. *See* ECF 95, ("**Failure to timely comply with this Order will result in a recommendation to the Chief Judge Swain that Defendant Waltz's answer be stricken and that default be entered against him.**") (emphasis in original); *see also* Tr. at 3:01-07; ECF 88; ECF 82). Mr. Waltz's failure to respond to the July 29 OSC, after repeated warnings, demonstrates Waltz's willfulness. Although striking the answer

and entering judgment by default are drastic remedies, they are justified in the circumstances of this case, where Waltz has repeatedly failed to respond to this Court's Orders and no justification for his conduct exists. *Lantigua v. Bonao Meats & Produce, Inc.*, 11-cv-2147 (DAB) (KNF), 2012 WL 2553472, at *3 (S.D.N.Y. July 3, 2012) (recommending an entry of default where defendants failed to comply with Court's Orders regarding discovery); *Archer v. City of New York*, 09-cv-6659 (LAK) (FM), 2010 WL 4455845, at *1 (S.D.N.Y. Oct. 20, 2010) (recommending Defendant's answer be stricken for failure to appear for deposition).

As to prejudice to Plaintiff, Amity filed two letters describing their hardships in moving discovery forward following the July 2 status conference. (ECF Nos. 97 and 98). Plaintiff claims that Mr. Waltz continues his "evasive pattern of conduct" regarding discovery ordered following the July status conference and has served "what appears to be AI interrogatories and document demands on Plaintiff." (ECF 97 at 1). Plaintiff also claims that Mr. Waltz listed his address on the documents as the Rumson, New Jersey address where he has previously rejected service and which "real estate records show that he has sold the house at that address." *Id.* Mr. Waltz has also missed the August 17 deadline to serve interrogatory responses and the August 21 deadline to serve responses to document requests and produce documents. (ECF 98).

Courts regularly impose sanctions when a party fails to appear for a scheduled conference before the Court. *See CE Line One Corp. Ltd. v. Masters*, No. 24-CV-9889 (RA) (OTW), 2026 WL 1584565, at *3 (S.D.N.Y. June 2, 2026) (citing *Del Rio v. 257 SG Pizza Corp.*, No. 19-CV-3426 (OTW), 2021 WL 1907413, at *2 (S.D.N.Y. Apr. 6, 2021)) (awarding attorneys' fees under Rule 16(f) against party that was absent at court conference and who provided no substantial

justification for its failure to appear*); Petrisch v. JP Morgan Chase*, 789 F. Supp. 2d 437, 455 (S.D.N.Y. 2011) (awarding Rule 16(f) sanctions for various misconduct, including failing to appear at a scheduled conference).

## IV. CONCLUSION

Accordingly, taking into consideration Mr. Waltz's history of noncompliance, the issuance of repeated warning regarding imposition of sanctions (including default), and the prejudice to Plaintiff for continuing this litigation for almost three years, I respectfully recommend Mr. Waltz's answer be stricken, that default judgment be entered against him as well, and the case referred for an inquest on damages.

## V. OBJECTIONS

In accordance with 28 U.S.C. §636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days (including weekends and holidays) from receipt of this Report to file written objections. *See also* Fed. R. Civ. P. 6. A party may respond to any objections within fourteen (14) days after being served. Such objections, and any responses to objections, shall be addressed to the Honorable Laura Taylor Swain, Chief United States District Judge. **Any requests for an extension of time for filing objections must be directed to Judge Swain.**

**FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.** *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *IUE AFL-CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1054 (2d Cir. 1993); *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988); *McCarthy v. Manson*, 714 F.2d 234, 237–38 (2d Cir. 1983).

The Clerk is respectfully requested to mail a copy of this Report and Recommendation to *pro se* Defendant Waltz at his last known address: 78 Heights Terrace, Fair Haven, New Jersey 07704, and email a copy to jimwaltz@gmail.com.

**SO ORDERED.**

*s/ Ona T. Wang*
**Ona T. Wang**
United States Magistrate Judge

Dated: August 25, 2026
New York, New York