UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

AMITY DIGITAL, LLC,

Plaintiff,

-v-

No. 23-CV-11044-LTS-OTW

HELIX DIGITAL INC. and JAMES WALTZ,

Defendants.

-------------------------------------------------------x

# ORDER ADOPTING REPORT AND RECOMMENDATION

Amity Digital LLC ("Amity" or "Plaintiff") brings this action asserting claims for violations of the civil Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C.A. § 1961 et seq. (Westlaw through P.L. 119-98), against James Waltz ("Waltz"), breach of contract against Helix Digital Inc. ("Helix" and, together with Waltz, "Defendants"), and common law claims for fraud, fraudulent concealment, negligent misrepresentation, and unjust enrichment against both Defendants. (Docket entry no. 1 (the "Complaint" or "Compl.").) The Court has subject matter jurisdiction of this action under 28 U.S.C. sections 1331 and 1332.

On August 25, 2026, Magistrate Judge Ona T. Wang issued a Report and Recommendation (docket entry no. 99 (the "Report")) setting forth recommended resolutions of pending matters in this case as to Defendant Waltz. Waltz did not respond. The Court has thoroughly reviewed the Report and the record in this case. For the reasons stated below, the Report is adopted in full.

## I. BACKGROUND

The Court presumes familiarity with the procedural and factual background, which it has previously set forth in detail in its June 18, 2026 Order. (Docket entry no. 81.)

Plaintiff initiated this action on December 20, 2023. (Compl.) When Defendants failed to answer or file any notice of appearance, Plaintiff obtained a Certificate of Default from the Clerk of Court. (Docket entry nos. 5, 9.) On May 17, 2024, counsel appeared on behalf of both Defendants, filing a motion to dismiss the Complaint. (Docket entry no. 42.) The Court denied the motion. Counsel for Defendants filed answers to the Complaint on April 4, 2025. (Docket entry nos. 57-58.)

On June 30, 2025, Judge Wang granted defense counsel's motion to withdraw—made on the grounds that they were unable to contact either Defendant—and ordered Defendants to show cause in writing by July 18, 2025, why a recommendation of entry of default should not be ordered for failure to comply with the Court's earlier orders. (Report at 1; see also docket entry no. 65 (order granting motion to withdraw); docket entry no. 66 ("June 30 OTSC").) Waltz submitted a letter on July 18, 2025, informing the Court that he intended to proceed pro se and providing updated contact information. (Docket entry no. 69.) Waltz had previously filed a pro se consent to receive electronic service at the same email address on May 3, 2024. (Docket entry no. 36.) Neither Defendant responded to the June 30 OTSC.

On May 28, 2026, Magistrate Judge Wang recommended entry of default judgment as to Helix only and recommended that Waltz be given a final chance to proceed properly in defense of this action. (Docket entry no. 77 (the "Amended Report")). Plaintiff timely objected to Judge Wang's recommended resolution of claims against Waltz. (Docket entry no. 80 ("Amity Objs.") at 2-4.) Defendants did not object. (See docket entry no. 69.) On

June 18, 2026, the Court adopted the Amended Report and adjudged Helix in default as to the remaining claims against it. (Docket entry no. 81.) Helix's answer was stricken in its entirety. (Id.) The Court also directed Judge Wang to conduct an inquest into the amount of damages for which Helix is liable. (Id.) Finally, the Court ordered Waltz to meet and confer with Plaintiff and to appear before Judge Wang at the scheduled conference on July 2, 2026 ("July 2 Status Conference"), warning that continued failure to comply with discovery and to appear as directed would result in the entry of default against him. (Id.; docket entry no. 82.)

On June 25, 2026, Waltz sought a three-week extension of all discovery deadlines, including an adjournment of the July 2 Status Conference, representing, inter alia, that he would have "extremely limited and at times nonexistent cellular and internet service." (Docket entry no. 84). To accommodate the hardships described in his letter, Judge Wang permitted Waltz to appear by phone. (Docket entry no. 85). At the July 2 Status Conference, Waltz appeared telephonically, and the parties informed Judge Wang that they had not been able to schedule a conference to discuss settlement. (Report at 3.) In her post-conference order, Judge Wang scheduled a preliminary settlement conference call on July 28, 2026. (Docket entry no. 88.) Waltz did not appear for the July 28 telephonic conference, nor did he inform the Court or Plaintiff that he could not attend.

On July 29, 2026, Judge Wang issued an order to show cause (docket entry no. 95 ("Order to Show Cause" or "OTSC"), which was served via the email address Waltz had provided (docket entry no. 96 ("Affidavit of Service as to OTSC")). Waltz did not file a response to the OTSC. Four weeks later, Plaintiff moved for entry of default. (Docket entry no. 98 ("Motion for Default Judgment").) Judge Wang entered the Report recommending entry of default the next day. (Docket entry no. 99.) Waltz did not respond. In fact, Waltz has not filed

any letter in this matter since the joint Rule 26(f) report, filed on July 10, 2026, nor has he otherwise been in contact with the Court or opposing counsel. (See docket entry no. 98.)

## II. DISCUSSION

### A. Standard of Review

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where, as here, "no party files objections to a Report, the Court may adopt the Report if 'there is no clear error on the face of the record.'" Molina v. Colvin, No. 13-CIV-4701-GBD-GWG, 2014 WL 3925303, at *1 (S.D.N.Y. Aug. 7, 2014) (quoting Adee Motor Cars, LLC v. Amato, 388 F.Supp.2d 250, 253 (S.D.N.Y.2005).

### B. Default Judgment

Rule 55 of the Federal Rules of Civil Procedure establishes a two-step procedure for entering judgment by default against a party who fails to defend: first, entry of a default, and second, entry of default judgment. Rule 55(a) provides that, when a party fails to "plead or otherwise defend" against an action seeking affirmative relief and that failure is shown by affidavit or otherwise, the clerk of court must enter the party's default. Fed. R. Civ. P. 55(a). A party may thereafter move for, and the district court may grant, judgment by default. Fed. R. Civ. P. 55(b); see also Berdini v. Nova Sec. Grp., No. 13-CV-5672-FB-CLP, 2015 WL 5540735, at *3 (E.D.N.Y. Sept. 2, 2015), report & recommendation adopted, No. 13-CV-5672-FB, 2015 WL 5541233 (E.D.N.Y. Sept. 18, 2015). Default judgment is "a final action by the district court in the litigation." Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95 (2d Cir. 1993).

Here, the Clerk of Court entered a certificate of default as to both defendants on January 23, 2024. (Docket entry no. 9.) Plaintiff thereafter filed the instant Motion for Default

Judgment requesting that Waltz's answer be stricken and default judgment be entered. (See docket entry nos. 95, 98.) Judge Wang recommended granting this motion in her Report and advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (Report at 6; see also 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).) No party objected to the Report, so the Court reviews the Report for clear error. And as there is no clear error on the face of the record, this Court adopts the Report in its entirety.

In determining whether to grant a motion for the entry of default judgment, the court may consider, inter alia, "whether the grounds for default are clearly established or are in doubt" and "whether plaintiff has been substantially prejudiced by the delay involved." 10A Wright & Miller's Federal Practice & Procedure § 2685 (3d ed. 1998) (footnotes omitted); see also Pecarsky v. Galaxiworld.com Ltd., 249 F.3d 167, 170-71 (2d Cir. 2001) (examining these factors on review of district court's decision to grant default judgment). Here, both factors favor default judgment.

First, the record is clear that Waltz's default is willful. He has received ample notice about the consequences of his repeated failures to comply with court orders, including that continued noncompliance would result in default judgment: in 2024, he was warned by Judge Broderick at least twice that he was in danger of default (docket entry nos. 17, 30); again in 2025 and 2026, he was given numerous warnings by both Judge Wang and this Court (docket entry nos. 66, 77, 81, 82, 88, 95). Despite these warnings, Waltz once again failed to appear as ordered on June 28, 2026. The potential problems with service that the Court identified in its earlier Order (docket entry no. 81) have since been cured. On July 18, 2025, Waltz wrote to the Court stating that he wished to proceed pro se; he provided a Fair Haven, New Jersey address and an email, jimwaltz@gmail.com, as "contact information [] for all future correspondence and

filings." (Docket entry no. 69.) Pursuant to his earlier pro se consent to e-service (docket entry no. 36), he has been receiving electronic notices from the Court at that email. The OTSC was also served to him at that email. (Affidavit of Service as to OTSC). The Report, recommending entry of default, directed the Clerk of Court to both mail and email Waltz at his preferred addresses for service of process. (See docket entry no. 99.) There is no longer any conflicting evidence as to whether Waltz was served. Cf. Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 97-98 (2d Cir. 1993) (holding that default judgment on amended pleading would not be appropriate in the face of conflicting evidence as to whether that pleading was served on the defendant).

Second, as to prejudice, that too is abundantly clear on the face of this record. Plaintiff has filed numerous letters describing how Waltz's delay has prejudiced it, slowing the pace of discovery despite repeated efforts from Plaintiff to move the case along. (See, e.g., docket entry nos. 70, 72, 98.) Most troublingly, "Plaintiff has developed a good-faith basis to believe that Defendant James Waltz is preparing to relocate assets and potentially position himself offshore . . . in a manner designed to frustrate enforcement" of a judgment in this case. (Docket entry no. 72 at 1.)

Waltz's repeated refusal to appear before the Court or participate in discovery as ordered, taken together with his clear "lack of interest in defending this action," justifies entry of default and striking of his answer. See Berdini, 2015 WL 5540735, at *5; Northfield Ins. Co. v. Mannara Contracting Corp., No. 18-CV-6447-SJF-AYS, 2019 WL 5874063, at *2 (E.D.N.Y. Aug. 22, 2019), report & recommendation adopted, No. 18-CV-6447-SJF, 2019 WL 4291652 (E.D.N.Y. Sept. 11, 2019). While Waltz has periodically reengaged with this case and stated that he wishes to defend it, he has failed to actually defend it or move it along to resolution in any meaningful way. "Such cavalier disregard for a court order is a failure, under Rule 55(a), to

otherwise defend as provided by these rules." See Shapiro, Bernstein & Co. v. Continental Record Co., 386 F.2d 426, 427 (2d Cir. 1967) (per curiam); see also Eagle Assocs. v. Bank of Montreal, 926 F.2d 1305, 1310 (2d Cir. 1991).

Accordingly, the Report is adopted in its entirety, and Waltz's answer is stricken and Plaintiff's motion for default judgment is granted.

C. Damages

If the facts and evidence presented are sufficient to establish liability, the Court then must determine the appropriate amount of damages. Santana v. Latino Express Restaurants, Inc., 198 F. Supp. 3d 285, 291 (S.D.N.Y. 2016). After careful review of the record, the Court has determined that Helix and Waltz are liable to Plaintiff on all claims because Plaintiff's uncontroverted allegations—which are deemed admitted by virtue of the striking of the answers—are sufficient to sustain its burden of proof on its causes of action. (See also docket entry nos. 55, 81.) From there, determining damages "involves two tasks: determining the proper rule for calculating damages" on the claims, and "assessing plaintiff's evidence supporting the damages to be determined under this rule." Id. (quoting Credit Lyonnais Sec. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999)). While the Court is not "'obligated to hold an evidentiary hearing' to determine damages, it must 'take the necessary steps to establish damages with reasonable certainty.'" Id. (quoting Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc., 109 F.3d 105, 111 (2d Cir. 1997)). This case will therefore be referred to Judge Wang for an inquest and recommendation as to the amount of damages to which Plaintiff is entitled against Waltz, in addition to the forthcoming inquest as to Helix. (See Report at 2.)

## III. CONCLUSION

For the foregoing reasons, the Court adopts the Report in its entirety and adjudges Waltz in default as to all claims against him. Waltz's answer is stricken. Plaintiff's motion for a default judgment is granted. Accordingly, an inquest into the amount of damages for which both Defendants are liable will be conducted by Judge Wang. Plaintiff shall also direct to Judge Wang its specific requests for inclusion of certain legal fees in connection with the July 28, 2026 pretrial conference and subsequent events. This Order resolves docket entry no. 98.

The Clerk of Court is respectfully directed to mail a copy of this Order to Waltz at his last known address, 78 Heights Terrace, Fair Haven, New Jersey 07704, and to email a copy to jimwaltz@gmail.com.

SO ORDERED.

Dated: New York, New York
September 24, 2026

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge